**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**BONNIE S FENNEKEN,**

       **Plaintiff,**

                                     **Civil Action 2:10-cv-00111**
**v.**                                  **Judge Algenon L. Marbley**
                                     **Magistrate Judge E.A. Preston Deavers**

**COMMISSIONER OF SOCIAL
SECURITY,**

       **Defendant.**

<u>**OPINION AND ORDER**</u>

This matter is before the Court for consideration of the April 27, 2011 Report and

Recommendation (ECF No. 20).  In her Report and Recommendation, the Magistrate Judge

recommended that the Court grant the Commissioner of Social Security's Motion for Summary

Judgment and dismiss Plaintiff's Complaint as untimely.  Plaintiff filed her Objections to the

Report and Recommendation on May 4, 2011 (ECF No. 23).  Plaintiff specifically contends that

the Magistrate Judge erred in finding that Plaintiff's counsel had received notice of the Appeal

Council's decision by October 27, 2009; that the Magistrate Judge erred in assessing whether the

deadline should be equitably tolled; and that Defendant would not be prejudiced if Plaintiff is

allowed to proceed with this action.  For the following reasons, Plaintiff's Objections are

**OVERRULED** and the Report and Recommendation is **ADOPTED**.

**I.  BACKGROUND**

       A.    <u>Relevant Facts</u>

On October 21, 2008, an Administrative Law Judge issued a decision finding that

Plaintiff was not eligible for supplemental social security income.  (R. at 23–42.)  On March 17,

2009, in a letter addressed to Plaintiff, the Appeals Council denied review of this decision.  (R. at 12–14.)  Plaintiff's attorney wrote to the Appeals Council on October 27, 2009 requesting that the Appeals Council re-issue its decision.  (R. at 11.)  In a letter dated December 18, 2009, the Appeals Council extended Plaintiff's time to file a civil action for thirty days from the receipt of the letter.  (R. at 9–10.)  Plaintiff asserts that her attorney received this letter on December 28, 2009.  (*See* Resp. Mot. Summ. J. 8–9, ECF No. 18.)

Plaintiff commenced this action on February 5, 2010.  (ECF No. 1.)  The Commissioner moved for Summary Judgment maintaining that Plaintiff's cause of action was untimely because she failed to file it within the Appeals Council's thirty-day extension period.  Plaintiff maintains that she and her counsel did not receive the March 17, 2009 Notice of Appeals Council Action (R. at 12–14) and, therefore, her sixty-day time limit under the Social Security Act did not begin to run until her counsel received the December 2009 extension letter.  Under this interpretation, Plaintiff's February 5, 2010 filing would be timely.  Plaintiff filed an affidavit stating that the first time she received notice of the Appeals Council's denial was from her attorney in January 2010.

B.    The Report and Recommendation

The Magistrate Judge concluded that Plaintiff's action was not timely filed based on a combination of three factors.  First, considering the evidence the parties presented, the Magistrate Judge found it questionable whether Plaintiff had overcome the regulatory presumption of receipt by making a reasonable showing to the contrary.  (Report & Recommendation 7–8, ECF No. 20.)  Second, following the precedent of at least two Courts of Appeals, the Magistrate Judge found that the evidence demonstrated that Plaintiff's counsel had

actual notice of the Appeals Counsel's denial at least as of October 27, 2009.[1]  (*Id.* at 8–9.)
Accordingly, because Plaintiff failed to file her civil action within sixty days of actual notice,
and within the Appeals Council's thirty-day extension, the Magistrate Judge found her action
untimely.  (*Id.* at 10.)  Third, the Magistrate Judge concluded that even assuming counsel's
actual notice did not trigger the sixty-day period, the Appeals Council's thirty-day extension,
rather than an entirely new sixty-day appeals period, was adequate.  (*Id.* at 10–11.)

    The Magistrate Judge also considered whether equitable tolling was appropriate under
the circumstances of the case.  (*Id.* at 11–14.)  In finding that equitable tolling was not
appropriate, the Magistrate Judge emphasized that Plaintiff and her counsel were not diligent in
pursuing this action after learning of the Appeals Council's decision in October 2009.

## II.  STANDARD OF REVIEW

    If a party objects within the allotted time to a report and recommendation, the Court
"shall make a *de novo* determination of those portions of the report or specified proposed
findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1); *see also* Fed.
R. Civ. P. 72(b).  Upon review, the Court "may accept, reject, or modify, in whole or in part, the
findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1).

    Summary judgment is proper if "there is no genuine issue as to any material fact [such
that] the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).  In considering
a motion for summary judgment, a court must construe the evidence in the light most favorable
to the non-moving party.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587

---

    [1]  The Magistrate Judge also concluded that, under the Regulations, notice to Plaintiff's
counsel was imputed to Plaintiff.  (Report & Recommendation 10, ECF No. 20.)  In her
Objections, Plaintiff does not challenge this determination.

(1986). The movant therefore has the burden of establishing that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U .S. 317, 322–23 (1986); *Barnhart v. Pickrel, Schaeffer & Ebeling Co.*, 12 F.3d 1382, 1388–89 (6th Cir. 1993). The central inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52 (1986).

## III. ANALYSIS

    A.    <u>Timeliness of Plaintiff's Complaint</u>

Under the Social Security Act, following the final decision of the Commissioner a claimant "may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow**."** 42 U.S.C. § 405(g). The Commissioner interprets this language as follows:

> [A civil action] must be instituted within 60 days after the Appeals Council's notice of denial of request for review of the presiding officer's decision or notice of the decision by the Appeals Council is received by the individual, institution, or agency, except that this time may be extended by the Appeals Council upon a showing of good cause. For purposes of this section, the date of receipt of notice of denial of request for review of the administrative law judge's decision or notice of the decision by the Appeals Council shall be presumed to be 5 days after the date of such notice, unless there is a reasonable showing to the contrary.

20 C.F.R. § 422.210(c); *see also Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 436 (6th Cir. 2007) ("[T]his court has accepted the SSA's interpretation that 'mailing' is the same as 'receipt' in Social Security cases.").

If a claimant does make a reasonable showing to overcome the presumption of receipt, at least two Courts of Appeals, as well as other district courts, have concluded that the

4

Commissioner may then demonstrate that the claimant received actual notice of the decision. *McCall v. Bowen*, 832 F.2d 862, 864 (5th Cir. 1987) ("If the appellant successfully rebuts the presumption, the burden is then placed upon the [Commissioner] to establish that the appellant received actual notice."); *Matsibekker v. Heckler*, 738 F.2d 79, 81 (2d Cir. 1984) ("Despite [the claimant's reasonable] showing, the government still could have attempted to prove that appellant received actual notice more than 60 days prior to filing the complaint in district court."); *see also Burgess v. Astrue*, No. 10-0223, 2010 WL 4920604, at *2 (W.D. Mo. Nov. 29, 2010) (noting that if a claimant rebuts the presumption of a receipt, the burden shifts to the Commissioner to demonstrate the claimant received actual notice); *Johnston v. Astrue*, No. 3:10-00217, 2010 WL 2679869, at *1 (S.D.W.Va. Jul. 6, 2010) (same); *Liranzo v. Astrue*, No. 07-CV-5074, 2010 WL 626791, at *1 (E.D.N.Y. Feb. 23, 2010) (same); *McMahan v. Barnhart*, 377 F. Supp. 2d 534, 536 (W.D. Va. 2005) (finding complaint untimely because it was filed more than sixty days after a telephone call put a claimant and his attorney on actual notice of the Appeals Council's decision).

 Finally, as the Magistrate Judge noted:

> [T]he Regulations also provide that, upon a showing of good cause, the Appeals Council will grant a claimant an extension of the filing deadline. 20 C.F.R. §§ 404.982, 416.1482. One such example of circumstances demonstrating good cause includes when "[y]ou did not receive notice of the determination or decision." 20 C.F.R. §§ 404.911(b)(7), 416.1411(b)(7).

(Report & Recommendation 7, ECF No. 20.)

 In her Objection, Plaintiff primarily challenges the second portion of the Magistrate Judge's timeliness analysis, namely that Plaintiff's sixty-day period began to run, at the very least, when Plaintiff's counsel was on actual notice of the decision in October 2009. Plaintiff

specifically takes issue with the idea of a phone call constituting notice.[2]

Assuming that Plaintiff has made a reasonable showing of non-receipt in this case,[3] the Court agrees with and adopts the Magistrate Judge's actual notice analysis. As the various federal courts cited above indicate, once a claimant rebuts the presumption of receipt, the Commissioner may demonstrate actual notice. In this case, there is no real dispute that Plaintiff's counsel received actual notice of the Appeals Councils' decision by October 27, 2009. As the Magistrate Judge explained:

> [T]he Commissioner has filed the Administrative Record, which includes Plaintiff's counsel's October 27, 2009 letter, in support of his Motion for Summary Judgment. (R. at 11.) From the letter it is apparent that counsel was at least aware of, if not in actual possession of, the Appeals Council's March 17, 2009 Notice of Appeals Counsel Action at that time. (*See id.*) Specifically, the letter references the March 17, 2009 decision, at one point labeling it a denial, and states that the decision was obviously one that Plaintiff would appeal to the federal court. (*Id.*) Accordingly, it is clear that Plaintiff's counsel had actual notice of the Appeals Council decision at least as early as October 27, 2009. *See McMahan*, 377 F. Supp. 2d at 536 (finding actual notice from a telephone conversation between the plaintiff's attorney and the Social Security Administration).

(Report & Recommendation 9, ECF No. 20.) Applying Plaintiff's actual notice, her filing was untimely, as her action was filed well over sixty days from October 27, 2009.[4]

---

[2] The Court notes that based on the evidence before the Magistrate Judge it was unclear exactly how Plaintiff's attorney received notice of the Appeals Council's decision. What was clear, from Mr. Cameron's letter within the administrative record, was that the he was aware of the nature of the Appeals Council's March 17, 2009 decision and wished to appeal the decision. (*See* R. at 11.)

[3] Taking into account the reasons and authority the Magistrate Judge outlined, the Court also finds it questionable whether Plaintiff actually has submitted sufficient evidence to even rebut the presumption of receipt in this case. (*See* Report & Recommendation 7–8, ECF No. 20.)

[4] Plaintiff's February 5, 2010 filing also missed the Appeals Council's December 2009 thirty-day extension.

Finally, even assuming Plaintiff could have overcome the Commissioner's demonstration that she had "actual notice," the Court adopts the third part of the Magistrate Judge's timeliness analysis.  Specifically, the Magistrate Judge concluded as follows:

> [E]ven assuming that Plaintiff has made a reasonable showing and that her counsel's actual notice is not imputed to her, the undersigned still finds that the Appeals Council's extension was appropriate and served to provide her an additional thirty—not sixty—days to file her Complaint in federal court.  Plaintiff assumes from the Regulations that if she is able to make a reasonable showing of non-receipt that she must receive sixty days from any subsequent receipt of notice regardless of the circumstances.  There is no doubt that the Regulations interpreting 42 U.S.C. § 405(g) provide that a claimant may file a civil action within sixty days of receiving notice and may make a reasonable showing to rebut the five-day presumption of receipt.  20 C.F.R. § 422.210(c).  The Regulations are, however, less clear about the procedural process when a claimant demonstrates that she did not receive the original decision.  Contrary to Plaintiff's interpretation, the Regulations provide that when a claimant demonstrates he or she has not received notice, the claimant has established "good cause" for the Appeals Council to extend the filing period rather than begin it anew.  *See* 20 C.F.R. §§ 404.982, 416.1482 (stating that the Appeals Council will extend a claimant's time to file a civil action for good cause); 20 C.F.R. §§ 404.911(b)(7), 416.1411(b)(7) (providing that failure to receive notice of a determination or decision is an example of good cause for extension).  Once again, under the circumstances of this case, the Court finds that because Plaintiff failed to meet the Appeals Council's thirty-day extension her Complaint was untimely.

(Report & Recommendation 10–11, ECF No. 20.)

B.     Equitable Tolling

Plaintiff's final two objections go to the issue of equitable tolling.  Traditional principles of equitable tolling apply to 42 U.S.C. § 405(g).  *Cook*, 480 F.3d at 437.  The United States Court of Appeals for the Sixth Circuit applies the following factors to an equitable tolling analysis:

> (1) the petitioner's lack of [actual] notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

7

*Id.* (quoting *Dunlap v. United States*, 250 F.3d 1001, 1008 (6th Cir. 2001)).

In this case, Plaintiff contends that she and her counsel were diligent in contacting the Appeals Council and attempting to have it re-issue the March 2009 decision. Plaintiff asserts that "[t]he Magistrate [Judge] notes that Plaintiff's counsel sending a letter to the Appeals Council asking for the decision to be re-issued was not diligent." (Objections 4, ECF No. 21.) This objection misconstrues the Report and Recommendation. A fair reading of the Report and Recommendation indicates that it was the post-October 2009 behavior of Plaintiff and her counsel that the Magistrate Judge found to be less then diligent. During this period Plaintiff and her counsel ignored the thirty-day period that the Appeals Council explicitly set forth, instead depending on an unsubstantiated assumption that Plaintiff would have sixty days from receipt of the extension letter to file her claim. As the Magistrate Judge concluded:

> In this case, the undersigned concludes that Plaintiff has failed to demonstrate that equitable tolling is warranted. The facts of this case demonstrate that Plaintiff's counsel had actual notice of the Appeals Council's March 2009 denial of review at least as early as October 27, 2009. Moreover, Plaintiff's counsel was on notice of the Appeals Council's December 18, 2009 extension at least as of December 28, 2009. This extension explicitly provided Plaintiff thirty days from receipt of the letter to file a civil action. (R. at 9.) Despite these circumstances, Plaintiff did not file her Complaint until February 5, 2010, over three months after Plaintiff's counsel first learned of the denial and at least a week after the thirty day extension had expired. Plaintiff has not provided any reason as to why she was unable to file the Complaint in this case before the running of the thirty day deadline. Accordingly, despite Plaintiff's October letter requesting that the Appeals Council re-issue its decision, the undersigned would not characterize Plaintiff's post-October actions as diligent.

> Plaintiff maintains that it was reasonable for her to believe that the sixty day time limit did not begin to run until she received the Appeals Council's December extension letter. (*See* Resp. Mot. Summ. J. 6, ECF No. 18.) The extension letter, however, was explicit in imposing a thirty day deadline. (R. at 9–10.) Accordingly, although Plaintiff's interpretation of the sixty day limitation period may have itself been reasonable, she still took an unreasonable risk in waiting for the thirty day extension to expire before filing her Complaint. *Cf. Cook*, 480 F.3d at 437 ("[T]his case is a classic reminder of the risks that applicants take for no

8

apparent reason by waiting until the very end of a filing period to initiate their lawsuits.").  Furthermore, the evidence does not indicate that Plaintiff took any steps after receiving the December extension letter to present her interpretation of the sixty day period to the Appeals Council or request an additional extension.

(Report & Recommendation 12–13, ECF No. 20.)

Finally, Plaintiff maintains that the Magistrate Judge erred because Defendant did not demonstrate prejudice.  As the United States Court of Appeals for the Sixth Circuit has noted, however, lack of prejudice is not an independent basis for invoking equitable tolling.  *Kellum v. Comm'r of Soc. Sec.*, 295 F. App'x 47, 49–50 (6th Cir. 2008) (quoting *Baldwin Cnty Welcome Ctr. v. Brown*, 466 U.S. 147, 152 (1984)).  Plaintiff seems to use the bulk of this objection to once again assert that she was entitled to sixty days from receipt of the Appeals Council's extension letter in which to file her action.  For the reasons stated above, and the reasons stated in the Magistrate Judge' Report and Recommendation, the Court disagrees with this contention.

## IV.  CONCLUSION

Accordingly, Plaintiff's Objections (ECF No. 21) are **OVERRULED** and the Report and Recommendation (ECF No. 20) is **ADOPTED**.  The Court **GRANTS** the Commissioner's Motion for Summary Judgment (ECF No. 16) and **DISMISSES** Plaintiff's Complaint.

**IT IS SO ORDERED.**

s/Algenon L. Marbley
**ALGENON L. MARBLEY**
**UNITED STATES DISTRICT COURT**

**DATED:  September 30, 2011**

9